## Commonwealth *v.* Spudis, Appellant.

*Criminal law—Embezzlement—Factor—Evidence.*

On the trial of an indictment for embezzlement as a factor or consignee under the 125th section of the Act of March 31, 1860, P. L. 382, the commonwealth is not required to prove as a prerequisite to conviction that the prisoner regularly engaged in the business or occupation of a factor or commission merchant.

In such a case a letter sent by the prosecutor to the defendant, and

admittedly received by the latter, and containing the terms of the bailment, is admissible in evidence.

Argued Feb. 26, 1907.   Appeal, No. 46, Jan. T., 1907, by defendant, from judgment of Q. S. Luzerne Co., Sept. T., 1906, No. 555, on verdict of guilty in case of Commonwealth v. A. R. Spudis.   Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Indictment for embezzlement.   Before FERRIS, J.

In addition to the facts set forth in the opinion of the Superior Court it appeared that the letter there mentioned was as follows :

" Prince & Company, manufacturing clothiers, Pottsville, Pa., September 21, 1905.   Mr. A. R. Spudis, dear sir: We have this day consigned to you to sell on account the following goods, as per inclosed invoice, amounting to $223.25. These goods are not to be sold at less than the price at which they are hereby invoiced, and your commission must be the difference realized by you in excess of the invoice price.   If you sell these goods within sixty days and account for the proceeds within that time, you may deduct six per cent. from the amount of the goods as consigned, otherwise you must account for the goods or proceeds at invoice.

" Yours respectfully,

" A. PRINCE & Co."

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1, 2) instructions submitting the case to the jury, and (3) admission of letter as above.

*James L. Lenahan* and *Raphael Levy*, for appellant, cited : Com. v. Kauffman, 11 Lancaster Law Rev. 247.

*Benjamin R. Jones*, district attorney, with him *John T. Lenahan* and *R. A. Friler*, for appellee, cited : Com. v. Sober, 15 Pa. Superior Ct. 520 ; Com. v. Hill, 2 Pearson, 432.

OPINION BY PORTER, J., April 15, 1907 :

The defendant was indicted and convicted of the embezzle-

ment of the proceeds of sale of personal property, of which he had possession, as consignee and factor, with authority to sell the same for the account of the owner. The indictment was drawn under the provisions of the 125th section of the Act of March 31, 1860, P. L. 382, the provisions of which material to the determination of the questions here presented are as follows : " If any consignee or factor having the possession of merchandise, with authority to sell the same, . . . . shall deposit, or pledge such merchandise, consigned or entrusted to him as aforesaid, as security for any money borrowed, . . . . in violation of good faith, with intent to defraud the owner of such merchandise, and if any consignee or factor shall, with like fraudulent intent, apply or dispose of, to his own use, any money or negotiable instrument raised or acquired by the sale or other disposition of such merchandise, such consignee or factor in every such case shall be guilty of a misdemeanor." The appellant contends that, under the provisions of this section, it was incumbent on the commonwealth to offer evidence of other transactions in which the defendant had acted as a consignee or factor, that he was regularly engaged in the business or occupation of a factor or commission merchant, and that, in the absence of such evidence, there could be no conviction.

The power of the legislature to enact a statute regulating the business of factors, or others, who represent themselves to the public as regularly exercising an occupation which involves relations of trust and confidence and invites others to commit property to their care for the purposes of sale, may be assumed. The section of the act of 1860, in question, cannot be considered a regulation of the business of factors. It deals only with the relation of the party, any party, to the property of which he has possession, for a specific purpose, and his duty to account for the proceeds resulting from the exercise of the authority which has been conferred upon him by the owner of the property. The words " any consignee or factor having the possession of merchandise, with authority to sell the same," define the character of the relation to and authority over the property which bring all persons who stand in that relation and exercise that authority within the operation of the statute. A consignee, within the meaning of this

section, is a person to whom merchandise or personal property of any kind is committed, the title to the property remaining in the consignor, with power in the consignee to sell the property for and on account of the consignor: Commonwealth v. Harris, 168 Pa. 619. The appellant would have us write into this section something which does not appear there, and limit its application to professional factors; this we are without authority to do. The legislature, having by apt words ·defined the offense in a manner which makes it dependent only upon the existence of a particular relation between a party and the property of which he is in possession and the violation of a specific duty growing out of that relation, it is only necessary for the commonwealth to prove the existence of the relation between the defendant and the property and the violation of the duty, as defined by the statute. The first and second specifications of error are overruled.

There was sufficient evidence to warrant a finding that the letter, the admission of which in evidence, is the subject of the third specification of error, had been duly addressed to the defendant and mailed, and that the defendant had subsequently admitted that he actually received the letter. That the letter was, when accompanied by this testimony, properly admitted in evidence is too clear for discussion. The third assignment of error is without merit.

The judgment is affirmed, and it is ordered that the defendant appear in the court below, to the end that he be committed for that part of the sentence which had not expired at the time the appeal in this case was made a supersedeas.